NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO ARTURO GONZALEZ-BONILLA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-70428 <br><br> Agency No. A205-320-009 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Guillermo Arturo Gonzalez-Bonilla, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We grant in part, deny in part, and dismiss in part the petition for review.

In denying asylum and withholding of removal, the agency found that Gonzalez-Bonilla failed to establish he was a member of his proposed particular social group of "individuals who fear returning to Mexico after cooperating with law enforcement officials in the United States giving information as to where drugs were being sold by Mexican drug cartels in the United States" because he was not an official informant. Substantial evidence does not support that finding. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in that particular social group" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014))). Thus, we grant the petition for review and remand Gonzalez-Bonilla's asylum and withholding of removal claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT protection because Gonzalez-Bonilla failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

16-70428

We lack jurisdiction to consider Gonzalez-Bonilla's newly-raised particular social group and his eligibility for a U-visa, cancellation of removal, or voluntary departure because he failed to raise these issues before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until the mandate issues.

The parties must bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part.**